**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

INOVINOX USA, LLC, a
Florida limited liability company;

Case No.:

*Plaintiff*,

v.

ANNA MARIA IANNIELLO, an individual;
SARA IANNIELLO, an individual; and
INOXFLOW LLC, a Florida Limited Liability
Company

*Defendants.*
_____________________________________/

**COMPLAINT**

Plaintiff Inovinox USA, LLC ("Inovinox USA"), by and through the undersigned counsel, hereby files this Complaint against Defendants Anna Maria Ianniello (Anna M. Ianniello), Sara Ianniello, and InoxFlow LLC ("InoxFlow") (collectively, "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

2. Inovinox USA is a distributor of stainless-steel valves and related machinery and machine parts to the chemical, pharmaceutical, and food-processing industries.

3. Inovinox USA has operated under the Inovinox name since January 2018 and owns a federally registered, incontestable trademark for the mark Inovinox (the "Inovinox Mark"). Defendants Anna M. Ianniello and Sara Ianniello are sisters and former employees of Inovinox USA.

4. On April 25, 2025, Anna M. Ianniello formed Defendant InoxFlow LLC. She formed it together with her sister, Sara Ianniello, and the two of them own and operate it.

5. InoxFlow sells the same products as Inovinox USA, stainless-steel sanitary valves, to the same industries, and the same categories of customers, under a name confusingly similar to the Inovinox Mark.

6. Defendants chose the InoxFlow name knowing of Inovinox USA's senior rights in the Inovinox Mark. Their purpose and effect have been to trade on Inovinox USA's goodwill, divert customers, and create the false impression that InoxFlow is affiliated with or a continuation of Inovinox USA.

7. Further, Inoxflow directly targeted customers with whom Inovinox had an existing business relationship and interfered with those relationships via improper means.

8. Inovinox USA brings this action to stop that conduct and to recover the damages and profits it has caused.

**JURISDICTION AND VENUE**

9. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

10. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), because Inovinox USA's claims arise under the laws of the United States and under an Act of Congress relating to trademarks.

11. This Court has personal jurisdiction over Defendants. Anna M. Ianniello is an individual residing in Florida, Sara Ianniello is an individual residing in Florida, and InoxFlow is a Florida limited liability company with its principal place of business in Florida. Each Defendant regularly transacts business in this District and committed the acts alleged in this Complaint in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), which requires only that one defendant reside in this District and that all defendants reside in the same State. All Defendants reside in the State of Florida. InoxFlow resides in this District because its principal place of business is in Boca Raton, Florida, and it is subject to this Court's personal jurisdiction in this District with respect to this action. 28 U.S.C. § 1391(c)(2). Anna M. Ianniello resides in Florida and is subject to this Court's personal jurisdiction. Sara Ianniello resides in Florida and is subject to this Court's personal jurisdiction. Venue under Section 1391(b)(1) does not depend on either individual Defendant residing in this District.

13. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Inovinox USA's claims occurred in this District. Defendants market, offer for sale, and sell their infringing goods from InoxFlow's principal place of business in this District. The resulting customer confusion, diversion of Inovinox USA's customers, and injury to Inovinox USA's goodwill have likewise occurred in this District, where Inovinox USA maintains its principal place of business.

**PARTIES**

14. Inovinox USA is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida. Inovinox USA owns U.S. Trademark Registration No. 5,669,780 for the Inovinox Mark.

15. Defendant InoxFlow is a Florida limited liability company organized on April 25, 2025, under Florida Department of State Document No. L25000198734, with its principal place of business at 1501 Yamato Road, Suite 200, Boca Raton, Florida 33431.

16. Defendant Anna M. Ianniello is an individual residing in Florida. She is the manager and registered agent of InoxFlow, with a business address at 1501 Yamato Road, Suite 200, Boca Raton, Florida 33431.

17. Defendant Sara Ianniello is an individual residing in Florida. She is the sister of Anna M. Ianniello. Upon information and belief, she owns and operates InoxFlow together with her sister.

18. Upon information and belief, Anna M. Ianniello, as the manager and principal of InoxFlow, personally directed, authorized, and participated in the acts of trademark infringement and unfair competition alleged in this Complaint, and is personally liable for them.

19. Upon information and belief, Sara Ianniello, as an owner and principal of InoxFlow, personally directed, authorized, and participated in the acts of trademark infringement and unfair competition alleged in this Complaint, and is personally liable for them.

## FACTUAL BACKGROUND

### *Inovinox USA and the Inovinox Mark*

20. Since at least January 31, 2018, Inovinox USA has used the Inovinox Mark in interstate commerce in connection with the distribution of machinery and machine parts, principally stainless-steel valves, for use in the chemical, pharmaceutical, and food industries.

21. On February 5, 2019, the United States Patent and Trademark Office issued U.S. Trademark Registration No. 5,669,780 for the mark INOVINOX in International Class 035, covering "distributorship services of machinery and machine parts for use in the chemical, pharmaceutical and food industries." A true and correct copy of the registration certificate is attached as Exhibit A. *See* Trademark Registration for the mark INOVINOX, attached as **Exhibit A**.

22. Registration No. 5,669,780 is valid, subsisting, and owned by Inovinox USA. The United States Patent and Trademark Office has accepted and acknowledged Inovinox USA's combined declaration under Sections 8 and 15 of the Lanham Act, and the Inovinox Mark is therefore incontestable under 15 U.S.C. § 1065. *See* United States Patent and Trademark Office records reflecting that acceptance and acknowledgment, attached as **Exhibit B**.

23. The registration is prima facie evidence of the validity of the Inovinox Mark, of Inovinox USA's ownership of the mark, and of Inovinox USA's exclusive right to use the mark in commerce in connection with the identified goods and services. 15 U.S.C. § 1057(b).

24. Because the Inovinox Mark is incontestable, the registration is conclusive evidence of the validity of the mark, of its registration, of Inovinox USA's ownership, and of Inovinox USA's exclusive right to use the mark in commerce, subject only to the defenses enumerated in 15 U.S.C. § 1115(b).

25. Through more than seven years of use, substantial sales, and promotion, the Inovinox Mark has acquired substantial goodwill. Customers in the chemical, pharmaceutical, and food-processing industries recognize the Inovinox Mark as identifying Inovinox USA as the source of the goods and services offered under it.

***Defendants and the Infringing Mark***

26. Upon information and belief, Anna M. Ianniello and Sara Ianniello formed InoxFlow together, and they own and manage it together.

27. On April 25, 2025, Anna M. Ianniello filed Articles of Organization with the Florida Department of State forming InoxFlow LLC, Florida Department of State Document No. L25000198734. She signed those Articles, named herself the company's manager, and accepted

appointment as its registered agent. *See* InoxFlow's Articles of Organization, attached as **Exhibit C**.

28. Three days later, on April 28, 2025, Anna M. Ianniello filed Articles of Organization with the Florida Department of State forming Sterivalves LLC, Florida Department of State Document No. L25000198803. She signed those Articles, named herself the company's manager, and accepted appointment as its registered agent. *See* Articles of Organization, attached as **Exhibit D**.

29. On May 14, 2025, Sterivalves LLC filed Articles of Amendment with the Florida Department of State removing Anna M. Ianniello as its manager and adding InoxFlow as its manager. *See* Articles of Amendment, attached as **Exhibit E**.

30. Anna M. Ianniello thus formed two Florida entities—one bearing a name confusingly similar to the name of the business Inovinox USA's customers knew, the other bearing the exact name of the products it sold—and she then placed the second of those entities under the control of the first.

31. The purpose and effect of forming Sterivalves LLC and joining it to InoxFlow through common management was to convey to Inovinox USA's customers that InoxFlow had taken over Inovinox USA's business and was the continuation of the enterprise from which those customers had been buying. That is not true. InoxFlow did not succeed to Inovinox USA's business.

32. Defendants took one name outright and imitated the other. Sterivalves is the name of the products Inovinox USA sold. InoxFlow closely resembles the name of the business that sold them. Used together, they compound the confusion each would cause alone. A customer who encounters InoxFlow selling stainless-steel sanitary valves, under a corporate structure bearing the

Sterivalves name, is invited to conclude that the business he knew as Inovinox USA has simply continued under a new label.

33. InoxFlow operates a commercial website at inoxflow.com. Through that website, InoxFlow markets and sells precision-machined stainless-steel sanitary valves and related powder-handling components to the food and beverage, pharmaceutical, nutraceutical, chemical, and specialty-manufacturing industries, the same categories of goods, sold to the same categories of customers, that Inovinox USA offers under the Inovinox Mark. *See* Pages from the inoxflow.com Website, captured on August 5, 2026, attached as **Exhibit F**.

34. The InoxFlow website identifies the "Ianniello Group" as its developer. *See* Exhibit E**.** Upon information and belief, InoxFlow was formed and is operated by Anna M. Ianniello and Sara Ianniello, who were directly familiar with Inovinox USA's business and with the Inovinox Mark.

35. On September 5, 2025, InoxFlow filed an intent-to-use application with the United States Patent and Trademark Office to register InoxFlow as a trademark for metal valves (Serial No. 99377483). *See* Application file, as reflected in the United States Patent and Trademark Office's Trademark Status and Document Retrieval system, attached as **Exhibit G**.

36. Anna M. Ianniello signed the application's supporting declaration as InoxFlow's CEO, declaring that, to the best of her knowledge and belief, no other person had the right to use a mark so nearly resembling InoxFlow as to be likely to cause confusion when used in connection with the goods of such other person.

37. The InoxFlow name is confusingly similar to the senior Inovinox Mark in sight, sound, and commercial impression, and Defendants use it on directly competing goods sold through the same channels of trade to the same purchasers.

38. Defendants' use of the InoxFlow name, together with their false adoption of the Sterivalves name, is likely to cause confusion, to cause mistake, and to deceive customers into believing that InoxFlow is affiliated with, connected to, sponsored by, or a successor to Inovinox USA, when it is not. Defendants' adoption of the Sterivalves name reinforces that confusion, signaling to those same customers that InoxFlow is the continuation of the business from which they previously bought.

39. Defendants adopted and have used the InoxFlow name, and organized Sterivalves LLC, with knowledge of Inovinox USA's senior rights in the Inovinox Mark and with the intent to trade on Inovinox USA's goodwill and on the customer relationships and associations Inovinox USA had built under the Inovinox Mark, and to divert its customers and sales.

40. Defendants' conduct has caused, and unless enjoined will continue to cause, irreparable harm to Inovinox USA and to the goodwill symbolized by the Inovinox Mark, for which Inovinox USA has no adequate remedy at law.

***Inoxflow's Improper Targeting of Inovinox USA's Customers***

41. Inovinox USA has ongoing business relationships with an identifiable group of repeat commercial customers in the pharmaceutical, chemical, and food-processing industries, including Post Material Handling, HAF Equipment, M.O. Industries Inc., Prosyco Limited, Lallemand Solutions Sante Inc., Rodem Inc, Rem Techn LLC, Custom Powder System, Haleson Inc, Appcon, Inc. (the "Inovinox Customers"). The Inovinox Customers purchased stainless-steel valves from Inovinox USA through quotes, purchase orders, and recurring orders.

42. InoxFlow knew of those relationships from its inception. Anna M. Ianniello and Sara Ianniello, who own and manage InoxFlow, serviced those accounts as Inovinox USA

employees and had access to Inovinox USA's customer identities, contacts, pricing, quote history, and customer correspondence. They formed InoxFlow while still employed by Inovinox USA.

43. InoxFlow did not compete for customers at large. It targeted the Inovinox Customers. Upon information and belief, InoxFlow solicited the Inovinox Customers using Inovinox USA's confidential customer lists, contact information, and pricing data, which Defendants retained after their authority ended and have refused to return. That information is not publicly available. Inovinox USA developed it over years and restricts access to it.

44. Upon information and belief, InoxFlow also reached the Inovinox Customers through the same telephone numbers that those customers had used to contact Inovinox USA and through telephone lines and phones that Inovinox USA paid for.

45. InoxFlow compounded the harm with its name. As alleged above, "InoxFlow" is confusingly similar to the Inovinox Mark, and Defendants paired it with Sterivalves LLC to signal that InoxFlow was a continuation of Inovinox USA. It is not. The name led the Inovinox Customers to believe that the business they had always dealt with had simply changed labels.

46. InoxFlow's means were improper. It (a) used Inovinox USA's confidential customer information, obtained through Defendants' positions of trust; (b) used Inovinox USA's telephone numbers and lines to intercept customer contacts; and (c) traded on a confusingly similar name and a false impression of succession, in violation of the Lanham Act as alleged in Counts I and II. InoxFlow is also a stranger to the Inovinox Customer relationships, with no contractual or other legitimate interest in them.

47. As a result, of InoxFlow's improper actions the Inovinox Customers have terminated their relationship with Inovinox USA, causing lost sales, lost profits, and loss of goodwill.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114(1)(a))**
**(All Defendants)**

48. Inovinox USA realleges and incorporates paragraphs 1 through 47 as though fully set forth herein.

49. Inovinox USA owns valid, subsisting, and incontestable U.S. Trademark Registration No. 5,669,780 for the Inovinox Mark.

50. Without Inovinox USA's consent, Defendants have used in commerce a colorable imitation of the registered Inovinox Mark in connection with the sale, offering for sale, distribution, and advertising of goods and services, in a manner likely to cause confusion, to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

51. Defendants' infringement has been knowing, willful, and deliberate.

52. As a direct and proximate result of Defendants' infringement, Inovinox USA has suffered and will continue to suffer damages, and Defendants have been unjustly enriched.

53. Inovinox USA is entitled to injunctive relief under 15 U.S.C. § 1116(a), and to recover Defendants' profits, its own actual damages in an amount up to three times those damages, and its costs and attorneys' fees, under 15 U.S.C. § 1117(a).

**COUNT II**
**UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a)(1)(A))**
**(All Defendants)**

54. Inovinox USA realleges and incorporates paragraphs 1 through 47 as though fully set forth herein.

55. Inovinox USA owns protectable rights in the Inovinox Mark, which is distinctive and has acquired substantial goodwill among the relevant consuming public.

56. Defendants' use in commerce of the confusingly similar InoxFlow name in connection with directly competing goods constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Inovinox USA, or as to the origin, sponsorship, or approval of Defendants' goods, services, and commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

57. Defendants' conduct has been knowing, willful, and deliberate.

58. As a direct and proximate result of Defendants' unfair competition, Inovinox USA has suffered and will continue to suffer damages, and Defendants have been unjustly enriched. Inovinox USA is entitled to injunctive relief under 15 U.S.C. § 1116(a), and to recover Defendants' profits, its own actual damages in an amount up to three times those damages, and its costs and attorneys' fees, under 15 U.S.C. § 1117(a).

**COUNT III**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**
**(Against InoxFlow)**

59. Inovinox USA realleges and incorporates paragraphs 1 through 47 as though fully set forth herein.

60. Inovinox USA has business relationships with identifiable customers, including the Inovinox Customers, under which it has legal rights.

61. InoxFlow knew of those relationships.

62. InoxFlow intentionally and unjustifiably interfered with those relationships by soliciting and diverting the Inovinox Customers through improper means, including the use of Inovinox USA's confidential customer information, the use of Inovinox USA's telephone numbers and lines, and the use of a confusingly similar name that falsely suggested succession or affiliation.

63. InoxFlow's interference was not privileged because it was accomplished through improper means, and InoxFlow is a stranger to those relationships.

64. As a direct and proximate result, Inovinox USA has suffered damages, including lost sales, lost profits, and loss of goodwill, and will suffer irreparable harm unless InoxFlow is enjoined.

**REQUEST FOR RELIEF**

**WHEREFORE**, Inovinox USA respectfully requests that this Court enter an Order granting the following relief:

1. Entering a judgment that Defendants have infringed U.S. Trademark Registration No. 5,669,780 in violation of 15 U.S.C. § 1114(1)(a);

2. Entering a judgment that Defendants' use of the InoxFlow name constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A);

3. Preliminarily and permanently enjoining and restraining Defendants and each of their agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them using the designation "InoxFlow," or any other mark, trade name, or domain name comprising or confusingly similar to the Inovinox Mark, to market, advertise, promote, distribute or otherwise identify Defendants' goods or services where that designation would create a likelihood of confusion, mistake or deception with the Inovinox Mark and from representing, directly or by implication, that Defendants are affiliated with, authorized by, or a successor to Inovinox USA, or that Defendants are affiliated with or authorized to distribute the products of Sterivalves S.R.L.;

4. Pursuant to 15 U.S.C. §1116(a), directing Defendants to file with the Court and serve on Inovinox USA within thirty (30) days after service upon Defendants of the injunction, a

report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to remove, disable and/or destroy, as appropriate, all literature, websites, social network pages, advertising, labels and other material in their possession bearing the InoxFlow name or any mark, trade name, or domain name confusingly similar to the Inovinox Mark, after forensically preserving a copy of each as well as all evidence (including all metadata) relating to the creation, adoption, and use of the same;

6. Ordering Defendants to account to Inovinox USA for, and disgorge to Inovinox USA, all profits they have derived as a result of the unlawful acts complained of above;

7. Awarding Inovinox USA actual damages, trebled under 15 U.S.C. §1117(a), in an amount to be proven at trial;

8. Awarding to Inovinox USA all profits received by Defendants from sales and revenues of any kind made as a result of their infringing actions, after an accounting pursuant to 15 U.S.C. §1117(a);

9. Awarding Inovinox USA its attorneys' fees and costs pursuant to 15 U.S.C. §1117(a), because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions; and

10. Preliminarily and permanently enjoining and restraining Inoxflow from interfering with Inoxflow USA business relationships, and awarding damages for that interference.

11. Granting Inovinox USA such other and further relief as the Court may deem just.

**DEMAND FOR JURY TRIAL**

Inovinox USA hereby demands trial by jury on all issues so triable.

Dated: October 28, 2026.

Respectfully submitted,

**BARAKAT + BOSSA, PLLC**
*Attorneys for Plaintiff*
201 Alhambra Circle, Suite 1060
Coral Gables, Florida 33134
Tel (305) 444-3114
Fax (305) 444-3115

By: */s/ S. Zalman Kass*
**S. ZALMAN KASS**
Florida Bar Number 100554
zkass@b2b.legal
**THALIA ZAGALO PACHECO**
Florida Bar No. 1044942
tpacheco@b2b.legal
ngomez@b2b.legal
service@b2b.legal